**JIE LI ZHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–71868.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2014.*

Filed Oct. 20, 2014.

Michael A. Rohr, Esquire, Law Offices of Michael A. Rohr, West Covina, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mona Maria Yousif, Trial, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM **

Jie Li Zhen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, based on the inconsistencies between Zhen's testimony and his asylum application regarding whether he was ever arrested, detained, and beaten by the police in China. *See id.* at 1046–47 ("Although incidences no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). We lack jurisdiction to consider Zhen's contentions made for the first time

in his opening brief that he may not have been familiar with the content of his declaration or that it may have been mis-translated. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (court lacks jurisdiction to consider issues that have not been exhausted administratively). In the absence of credible testimony, Zhen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Zhen's CAT claim also fails because it is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provid-